IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02959-PAB-KLM

TODD E. SCHOLL, AND
CARLA SCHOLL,

    Plaintiffs,

v.

DHRUV B. PATEDER, M.D.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike and for Protective Order** [Docket No. 55; Filed May 4, 2011] (the "Motion"). Plaintiffs filed a Response [Docket No. 65] in opposition to the Motion on May 20, 2011, and Defendant filed a Reply [Docket No. 69] on June 1, 2011. The Motion is now fully briefed and ripe for resolution.

### A.    Procedural Background

This is a medical malpractice action arising from a surgical procedure performed by Defendant on Plaintiff Todd E. Scholl (hereinafter, "Mr. Scholl") in December of 2009. *Scheduling Order* [Docket No. 15] at 2. Defendant seeks an order precluding three of Plaintiffs' designated witnesses from providing expert testimony. *Motion* [#55] at 2. At the Scheduling Conference held on May 5, 2010, the Court allowed each side to designate two retained expert witnesses. *Courtroom Minutes/Minute Order* [Docket No. 16] at 1. On January 11, 2011, the Court permitted each side to designate two additional retained

experts, thus allowing a total of four retained expert witnesses per side.  *Courtroom Minutes/Minute Order* [Docket No. 41] at 1.  Plaintiffs have not sought to further increase the limit on retained expert witnesses.

On November 30, 2010, Plaintiffs disclosed four "retained experts."  *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [Docket No. 30] at 1-3.  Plaintiffs also disclosed twenty-one "non-retained expert" witnesses.  *Id.* at 3-7.  Among these witnesses were Peter Witt, M.D. ("Witt"), David A. Wong, M.D. ("Wong"), and Jill E. Fishinger, CPA, PC ("Fishinger").  *Id.*  Witt consulted with Plaintiff Todd Scholl (hereinafter, "Mr. Scholl") on June 9, 2009.  *Id.* at 3.  Plaintiffs disclosed Witt's potential testimony as follows: "Dr. Witt may be called to testify in conformity with the assessments and conclusions contained in his [written medical] reports, as well as other radiographic reports and assessments which he relied upon.  **This will include not only opinions concerning Mr. Scholl's condition, but the likely cause and extent of Mr. Scholl's nerve injuries.**"  *Id.* (emphasis added). Wong saw Mr. Scholl on an unspecified date sometime after he underwent surgery performed by Defendant.  *Id.* at 4.  Plaintiffs disclosed Wong's potential testimony as follows: "[Dr. Wong] has expressed certain opinions in his disclosed medical reports, and may be called upon to testify consistent with such information."  *Id.*  Fishinger is Mr. Scholl's accountant.  *Id.* at 7.  Plaintiffs disclosed her potential testimony as follows: "[Ms. Fishinger] has information concerning [Mr. Scholl's] past income and business.  **She is of the opinion that his business likely would have grown, but for [his] injuries**, in accordance with the projections set forth in her estimates attached hereto and [she] may be called to testify as to her opinions pursuant to Federal Rules of Evidence 702."  *Id.* (emphasis added).

On April 6, 2011, Plaintiffs supplemented their disclosures related to Witt and Wong. *Plaintiffs' Supplement to Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [Docket No. 55-1] at 12-13.  Plaintiffs stated that Witt "may be asked questions concerning . . . CT images of [a] misplaced pedicle screw which he had not seen prior to his consultation with [Mr. Scholl] on June 9, 2009, and testify concerning the likely cause of such and the affect [sic] of same with regard to Mr. Scholl's injuries."  *Id.* at 12.  Plaintiffs stated that Wong "may be asked questions in rebuttal to [Defendant's retained expert witness's] opinions."  *Id.*

On May 2, 2011, Plaintiffs further supplemented their disclosures related to Witt. *Plaintiffs' Second Supplement to Fed. R. Civ. P. 26(a)(2) Disclosures of Expert Testimony* [#55-1] at 14-36.  They provided Witt's curriculum vitae, fee schedule, and testimonial history for the past four years.  *Id.*  They also elaborated on Witt's June 9, 2009 medical report following his consultation with Mr. Scholl: "This essentially is Dr. Witt's expression of opinion concerning the nature of [Mr. Scholl's] injury, i.e., L5, S1 and S2 nerve root injuries, more severe on the right than the left as a result [of] surgical complications in December 2007.  [Witt] believes . . . that the cause of the injuries is much more likely attributable to a 'retraction injury' or 'direct impact injury,' versus a postoperative blood clot as contended by [Defendant]."  *Id.* at 15.  Plaintiffs stated that Witt will explain that an "EMG study" and "CT scan" he ordered confirm his opinion regarding causation of Mr. Scholl's injuries.  *Id.* at 16-17.  Plaintiffs further stated that Witt "has now also examined [a separate] CT scan image showing Defendant's S1 screw transversing Mr. Scholl's foramen and nerve roots," and that Witt "is of the opinion . . . that the severely misplaced S1 screw likely caused Mr. Scholl damage in the S1, S2 nerve roots on the right side."  *Id.* at 17.

**B.   Analysis**

Defendant contends that because Plaintiffs intend to rely upon expert opinions that Witt, Wong, and Fishinger were asked to develop specifically for this case, the Court should consider these witnesses to be "retained or specially employed" within the meaning of Fed. R. Civ. P. 26(a)(2)(B). *Motion* [#55] at 2. Accordingly, Defendant argues that Plaintiffs' disclosures related to these witnesses are improper and inadequate. *Id.* First, Defendant argues that the disclosures are improper because Plaintiffs have already disclosed four retained expert witnesses, which is the maximum number allowed by the Court.[1] *Reply* [#68] at 7. Second, Defendant argues that the disclosures are inadequate because they do not include reports signed by Witt, Wong and Fishinger containing the following information: (1) a complete statement of all opinions they will express and the basis therefore; (2) the facts or data used to summarize or support their opinions; (3) any exhibits used to summarize or support their opinions; (4) their qualifications; (5) a list of all other cases during the previous four years in which they testified as experts at trial or deposition; and (6) a statement of their compensation. *Motion* [#55] at 2; *see* Fed. R. Civ. P. 26(a)(2)(B) (stating the content requirements for retained expert witness reports).

In response, Plaintiffs concede that their disclosures related to Witt, Wong, and Fishinger do not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B). *Response* [#65] at 1-2. However, Plaintiffs contend that Witt, Wong, and Fishinger are non-retained expert witnesses. *Id.* Accordingly, Plaintiffs argue that these witnesses are not required to file a written report. *Id.*

Fed. R. Civ. P. 26(a)(2)(A) requires that "a party must disclose to the other parties

---

[1] On November 30, 2010, Plaintiffs disclosed the following retained expert witnesses: Paul McAfee, M.D.; Patricia Pacey, Ph.D.; George Leimback, M.D.; and Cynthia Haseley, BSN, RN. *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 1-2.

the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) (stating that even in the case of a "hybrid" witness who will provide both factual testimony and opinion evidence under Fed. R. Evid. 702, 703, or 705, a party must still disclose the witness's identity under Rule 26(a)(2)(A)). These witnesses are referred to as expert witnesses. If such a witness is "one retained or specially employed to provide expert testimony in the case," the disclosure of his identity must be accompanied by a written report prepared and signed by him. Fed. R. Civ. P. 26(a)(2)(B). If an expert witness is not retained or specially employed, no written report is required. Fed. R. Civ. P. 26(a)(2)(A-C). Instead, his disclosure must state (I) the subject matter on which he is expected to present evidence, and (ii) a summary of the facts and opinions to which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Typically, a physician who has treated a party for injuries is not considered "retained or specially employed" within the meaning of Rule 26(a)(2)(B). Therefore, a treating physician is not ordinarily required to provide an expert report. *See, e.g., Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078 at *1 (D. Colo. June 17, 2010) (unreported decision) ("[I]n general, treating physicians do not come within the purview of the report requirement."); *Stone v. Deagle*, No. 05-cv-1438-RPM-CBS, 2006 U.S. Dist. LEXIS 90430, at *9-10 (D. Colo. Dec. 14, 2006) (unreported decision) ("In contrast to the retained expert, the Advisory Committee Notes to Rule 26(a)(2)(B) state that a 'treating physician . . . can be deposed or called to testify at trial without any requirement for a written report.' Presumably, a written report from a treating physician is not necessary because the treating physician prepares contemporaneous notes documenting his

observations, findings and treatments regime.").

However, "Rule 26(a)(2)(B) focuses not on the status of the witness, but rather on the substance and/or scope of [his] testimony." *Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2714274 at *3 (D. Kan. Sept. 22, 2006) (unreported decision); *see also Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *1 (D. Colo., July 30, 2007) (unreported decision) (noting that a treating physician is not immunized "from the requirement of providing a written report in conformity with Rule 26(a)(2)(B) in all circumstances"); *Wreath v. Kansas*, 161 F.R.D. 448, 450 (D. Kan. 1995) ("The determinative issue is the scope of the proposed testimony."). "[A] treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for the purposes of" Rule 26(a)(2)(B). *Stone*, 2006 U.S. Dist. LEXIS 90430 at *11 (quoting *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996)); *see also Wreath*, 161 F.5d at 450 ("[A] treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specifically retained notwithstanding that he also happens to be the treating physician.").

"Similarly, when a treating physician's information or opinions were developed for trial, or where [his] expert testimony will concern matters not based on observations during the course of treatment, the treating physician will be required to prepare a written report" pursuant to Rule 26(a)(2)(B). *Stone*, 2006 U.S. Dist. LEXIS 90430, at *11 (citing *Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 441-42 (D. Colo. 2000)). One matter that is typically "not based on observations during the course of

treatment" is the cause of a patient's injuries. Generally, "when a treating physician opines as to causation, prognosis, or future disability, [he] is going beyond what he saw and did and why he did it. He is going beyond his personal involvement in the facts of the case and giving an opinion formed because there is a lawsuit." *Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006). In some cases, however, a treating physician may be required to form an opinion about the cause of an injury in order to properly treat it. In such cases, the physician may testify about his opinion regarding causation "to the limited extent that [the opinion was] a necessary part of a patient's treatment" without being considered a retained expert witness. *Starling v. Union Pac. R. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001).[2]

The Court has previously adopted a burden-shifting procedure for determining whether a designated expert witness is "retained or specially employed" and thus required to provide a report. *Morris*, 2010 WL 2501078, at *2 ("[I]t is clear that some showing must be made to distinguish an expert witness not required to provide a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The initial burden is on the party moving to strike the expert witness to show that the party who designated the witness has failed to produce an adequate written expert

---

[2] Plaintiffs urge the Court to adopt and apply a somewhat different rule setting the limits of a treating physician's testimony without being considered a retained expert. *Response* [#65] at 13. Plaintiffs rely on the Court of Appeals for the First Circuit's decision in *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011), which states as follows: "We conclude that as long as an expert was not retained or specifically employed in connection with the litigation, and his opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)." *Downey* is not controlling authority in this Circuit. As the Court of Appeals acknowledged in *Downey*, some district courts, including our neighboring court in the District of Kansas, "have held that a report is required for causation testimony that was not necessary to the treatment." *Id.* (citing *Starling*, 203 F.R.D. at 479).

report pursuant to Rule 26(a)(2)(B). *Id.* The burden then shifts to the designating party to produce some evidence demonstrating that the designated expert is not retained or specially employed. *Id.* (noting that vague assertions that a designated expert is a non-retained treating physician are insufficient).

Turning to this case, the parties agree that Plaintiffs' disclosures related to Witt, Wong, and Fishinger are not "in compliance with [Rule] 26(a)(2)(B)." *Motion* [#55] at 2; *Response* [#65] at 13 ("The three experts that Defendant complains about fit [the] definition of a non-retained expert."). The Court therefore finds that Defendant has carried his initial burden. Accordingly, the burden shifts to Plaintiffs to demonstrate that Witt, Wong, and Fishinger are not retained or specially employed.

**(1) Wong**

Plaintiffs' original disclosure of Wong's testimony stated that he would testify only about medical reports that (1) were created during his treatment of Mr. Scholl, and (2) document opinions formed during the course of that treatment. *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 4. When a treating physician testifies as to "contemporaneous notes documenting his observations, findings and treatments regime," he testifies as a non-retained expert witness. *Stone*, 2006 U.S. Dist. LEXIS 90430 at *9-10. However, Plaintiffs' supplemental disclosure related to Wong states that he will testify about another doctor's opinions. *Plaintiffs' Supplement to Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#55-1] at 12, ¶ 2. Because "a treating physician requested to review medical records of another health care provider in order to render opinion testimony . . . [is considered to be] specifically retained," Wong acts as a retained expert witness if he testifies about another doctor's opinions. *Wreath*, 161 F.5d at 450. As

Plaintiffs have already designated four retained expert witnesses, *see supra* n.1, Wong's testimony must be limited to that of a non-retained expert witness. *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 1-3; *Courtroom Minutes / Minute Order* [#41] at 1. Accordingly, Wong may not testify "in rebuttal to Dr. Ginsberg's opinions set forth in Defendant's expert witness disclosures." *Plaintiff's Supplement to Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#55-1] at 12. He may testify only about his observations during the course of his treatment of Mr. Scholl, i.e., "what he saw and did and why he did it." *Griffith*, 233 F.R.D. at 518.

**(2)  Witt**

Plaintiffs' original disclosure of Witt's testimony stated that he would testify about medical reports that he created when treating Mr. Scholl as well as "other radiographic reports and assessments, which [he] relied upon." *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 3. This proposed testimony includes "not only opinions concerning Mr. Scholl's condition, but [also opinions concerning] the likely cause and extent of Mr. Scholl's nerve injuries." *Id.* When a treating physician testifies as to "contemporaneous notes documenting his observations, findings and treatments regime," he testifies as a non-retained expert witness. *Stone*, 2006 U.S. Dist. LEXIS 90430 at *9-10. Further, "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment, treating physicians may opine on causation without triggering any need for a full-blown Rule 26(a)(2)(B) report." *Starling*, 203 F.R.D. at 479. Here, Plaintiffs' supplemental disclosures relating to Witt state that he will testify about a CT image "which he had not seen prior to [or during] his consultation with [Mr. Scholl]." *Plaintiffs' Supplement to Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#55-1]

at 12. Because a treating physician whose "testimony will concern matters not based on observations during the course of treatment" is considered to be a retained expert witness, Witt acts as a retained expert witness if he testifies about the CT image. *Stone*, 2006 U.S. Dist. LEXIS 90430, at *11. Because Plaintiffs have already designated four retained expert witnesses, Witt's testimony must be limited to that of a non-retained expert witness. *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 1-3; *Courtroom Minutes/Minute Order* [#41] at 1. Accordingly, Witt cannot "be asked questions concerning the CT images of the misplaced pedicle screw which he had not seen prior to [or during] his consultation with [Mr. Scholl]." *Plaintiff's Supplement to Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#55-1] at 12. Witt also may not testify about other doctors' opinions or about CT images or other medical reports or diagnostic test results that he did not review contemporaneously with his provision of treatment to Mr. Scholl. He may testify only about his observations during the course of his treatment of Mr. Scholl, i.e., "what he saw and did and why he did it." *Griffith*, 233 F.R.D. at 518.

**(3)     Fishinger**

Plaintiffs state that Fishinger will testify about (1) her opinion that Mr. Scholl's "business likely would have grown, but for [his] injuries," and (2) her projection of Mr. Scholl's future earnings from the date of his surgery performed by Defendant. *Plaintiffs' Fed R. Civ P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 7. When an expert witness's "information or opinions were developed for trial . . . [the expert witness] will be required to prepare a written report" that satisfies the requirements of Rule 26(a)(2)(B).

*Stone*, 2006 U.S. Dist. LEXIS 90430, at *11.[3] The burden is on Plaintiffs to show that Fishinger's proposed testimony and her projection of Mr. Scholl's business's growth were not prepared in anticipation of litigation. *See Morris*, 2010 U.S. Dist. LEXIS 68785, at *5. The Court finds that Plaintiffs have failed to carry this burden as they have offered no explanation of when or why Fishinger made her projection. *Response* [#65] at 9-10. It may not be unusual for an accountant to prepare future income projections in the normal course of her work for a business. But Plaintiffs have not stated that Fishinger's projection was so made. *Id.* It appears to the Court that her opinions were developed specifically for this case. Thus, Fishinger acts as a retained expert witness if she testifies as to her projection of Mr. Scholl's business's future growth following his surgery. *Stone*, 2006 U.S. Dist. LEXIS 90430, at *11. Because Plaintiffs have already designated four retained expert witnesses and are allowed no more than four, Fishinger's testimony must be limited to that of a non-retained expert witness. *Plaintiffs' Fed. R. Civ. P. 26(a)(2) Disclosure of Expert Testimony* [#30] at 1-3; *Courtroom Minutes / Minute Order* [#41] at 1. Accordingly, Fishinger may testify only about the facts of Mr. Scholl's finances before and after his surgery. She may not provide any opinion testimony, including projections concerning Mr. Scholl's future income.

### C. Conclusion

IT IS HEREBY **ORDERED** that Defendant's Motion to Strike and for Protective Order [#55] is **GRANTED**. Accordingly,

---

[3] The rules governing the limits of a treating physician's expert testimony apply equally to govern the limits of expert testimony offered by other professionals. *See Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods., Inc.*, No. Civ.A 01-2597-KHV, 2003 WL 169015 at *1 (D. Kan. Jan 23, 2003) (unreported decision) ("Plaintiff asserts that the testimony of [two general contractors that he had hired] is analogous to that of a treating physician. The Court agrees.").

IT IS FURTHER **ORDERED** that the testimony of Witt, Wong, and Fishinger is limited as set forth above.

Dated: June 22, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge