IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02959-PAB-KLM

TODD E. SCHOLL, and
CARLA SCHOLL,

      Plaintiffs,

v.

DHRUV B. PATEDER, M.D.,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Strike and for Protective Order** [Docket No. 77; Filed May 4, 2011] (the "Motion"). Plaintiffs filed a Response in opposition to the Motion on August 2, 2011 [Docket No. 83] and Defendant filed on a Reply on August 9, 2011 [Docket No. 87]. Accordingly, the matter is fully briefed and ripe for resolution. For the reasons set forth below,

      IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

### I. Procedural Background

      This is a medical malpractice action arising from a surgical procedure performed by Defendant on Plaintiff Todd E. Scholl (hereinafter, "Mr. Scholl") in December of 2009. *Scheduling Order* [Docket No. 15] at 2. Defendant seeks an order precluding one of Plaintiffs' designated expert witnesses from testifying about his "critical, undisclosed opinions elicited by Plaintiffs' counsel during his depositions." *Motion* [#77] at 1.

On November 30, 2010, Plaintiffs disclosed Dr. Paul McAfee ("Dr. McAfee") as an expert who would testify to Defendant's alleged negligence regarding Mr. Scholl. *McAfee Disclosure*, [#77-1] at 6. Defendant conducted Dr. McAfee's deposition on June 9, 2011. *McAfee Deposition*, [#77-1] at 1. During the deposition, Plaintiff's counsel questioned McAfee and elicited the following opinions, among others: (1) x-rays show that there is "bone still within the spinal canal" that is "compressing the nerves," *id.* at 3; (2) because of Mr. Scholl's unique medical condition, "a minimally invasive TLIF should not be performed without a full laminectomy," *id.*; (3) bone fragment was "left in the foramen [of Mr. Scholl] after [Defendant] repositioned the [S-1 pedicle spinal] screw," *id.* at 4; (4) "the length of surgery . . . was twice as long as usual," meaning that the nerve roots were retracted "twice as long as usual," *id.*; (5) the majority of the damage in this case "was due to a glancing blow to the nerve, a traction injury of the nerve, and also winding up tissue within the screws and taps," not a "direct impact injury," *id.*; and (6) Defendant should have postoperatively (a) marked "sensation in the saddle area," (b) performed a cystometrogram if Mr. Scholl had "numbness in the penis or problems with urination," (c) performed a rectal exam, and (d) performed a "neurologic assessment [of Mr. Scholl] in the recovery room," *id.* at 5.

Defendant contends that none of the six opinions listed above "are contained within Dr. McAfee's initial expert report." *Motion* [#77] at 3. Defendant also contends that because "these opinions have not previously been timely disclosed by Plaintiffs, this Court should preclude Dr. McAfee from testifying on these issues at trial." *Id.*

## II. Analysis

Pursuant to Fed. R. Civ. P. 26(a)(2), "a party shall disclose to other parties the

identity of any person who may be used at trial to present . . . [expert testimony, and the disclosure must] be accompanied by a written report prepared and signed by the witness[,] . . . contain[ing] a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2). Supplemental disclosures may be required if the disclosing party "learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* 26(e) "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any . . . information not so disclosed." *Id.* 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

### A. Dr. McAfee's Disclosure Does Not Comply with Rule 26(a)(2).

Rule 26(a)(2) requires "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2). Therefore, expert disclosures must be "detailed and complete," and not "sketchy and vague." *Id.* Advisory Committee's Note; *accord Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("The written [expert] report should explain 'how' and 'why' the expert reached the opinions he or she intends to offer at trial."); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997) ("The report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them"). An expert report must be "comprehensive" and a "definitive disclosure of the testimony . . . of the expert." *Dixie Steel Erectors, Inc. V. Grove U.S., LLC*, No. cv-04-390-F, 2005 WL 3558663, at *9 ( W.D.Okl. Dec. 29, 2005) (unreported

decision). However an expert report need not necessarily contain "sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report" in order to be found to be complete. *Cook v. Rockwell Intern, Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006).

In their Response, Plaintiffs admit that opinions one and three, see *supra* p. 2, are not contained in Dr. McAfee's report. *Response* [#83] at 9-10. Plaintiffs also recognize that opinions two and six, see *supra* p. 2, differ from the opinions contained in Dr. McAfee's report but contend that they are reasonable elaborations of the earlier opinions. *Response* [#83] at 11-13, 17-18. Plaintiffs do not appear to address whether Dr. McAfee's report contains a reference to opinion four, namely that the length of the surgery was a cause of the injury. Lastly, Plaintiffs contend that opinion five, see *supra* p. 2, is well accounted for in Dr. McAfee's report. *Response* [#83] at 14-17.

The Court has compared Dr. McAfee's expert report with his deposition testimony, and there is no doubt that the deposition contains new opinions that were not previously disclosed. As noted above, Defendant alleges that there were six opinions given during Dr. McAfee's deposition that were not contained in his expert report. *Motion* [#77] at 2-3. I find that opinions one, two, three, four, and six are not properly accounted for in Dr. McAfee's expert report.[1] Opinions one and three relate to bone fragment alleged to be the cause of Mr. Scholl's pain. Opinion four relates to the length of surgery. Dr. McAfee's report does

---

[1] Opinion five is contained in Dr. McAfee's expert disclosure. Opinion five states that the alleged misplaced screw caused a "traction injury of the nerve," and not a "direct impact injury." *McAfee's Deposition*, [#77-1] at 4. This opinion is represented in the report, and thus not a violation of Rule 26(a)(2), as Dr. McAfee noted in his report that "the screw was in close proximity to the nerve roots," and that this was "the likely cause of Mr. Scholl's neurologic injuries." *McAfee's Disclosure* [#77-1] at 7-8.

not reference these opinions in any respect.

Opinion two relates to the type of procedure performed ("TLIF procedure") and states that it was improper to perform a TLIF procedure without a full laminectomy. This opinion differs from the opinion contained in Dr. McAfee's report, which states only that Mr. Scholl was not a good candidate for a TLIF procedure because he suffered from spinal stenosis. *See Motion* [#77] at 6. While the opinion expressed by Dr. McAfee at his deposition could be broadly construed as an extension of the opinion contained in his report, the Court finds it is a new opinion not reflected in the disclosed report because it directly relates to alleged negligence by Defendant in performing a TILF procedure.

Opinion six relates to Plaintiff's alleged lack of proper postoperative care and outlines many specific medical procedures Defendant should have performed but did not. Although this opinion is partly represented in Dr. McAfee's report, which states that if a patient "experiences positive neurologic symptoms after this type of surgery . . . further diagnostic work-up should be employed . . . [such as] . . . a postoperative CT scan," *McAfee's Disclosure* [#77-1] at 7, the disclosure is in no way comprehensive and does not include the myriad other bases provided by Dr. McAfee in his deposition to suggest that Defendant's postoperative care was deficient. Because Dr. McAfee's disclosure only provides a "sketchy and vague" report, and not a "detailed and complete" report as to the type of postoperative care Mr. Scholl allegedly should have received, the report does not sufficiently disclose the opinion offered during Dr. McAfee's deposition that Defendant's postoperative care was allegedly deficient because he failed to take certain and specific actions. *See* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note.

Recognizing that certain opinions were not contained in Dr. McAfee's report in full

or in part, Plaintiffs contend that (1) any failure to disclose Dr. McAfee's opinions in his report was appropriately rectified by providing this information in his deposition and (2) therefore, any failure was harmless. *Response* [#83] at 9-18. The Court address each contention below.

As a preliminary matter, despite Plaintiffs' contention that disclosure of additional opinions during an expert's deposition cures any failure to disclose the opinion in the expert's report, I note that "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008); *see also Fiber Optic Designs v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("A deficient expert report should be met with a motion to supplement or a motion to compel, not a notice of deposition"). Thus, to the extent that Plaintiffs argue that Dr. McAfee's disclosure does not violate Rule 26(a)(2) because the undisclosed opinions were elicited by *Plaintiffs'* counsel during McAfee's deposition, the argument is rejected. Accordingly, I find that Dr. McAfee's disclosure does not comply with Rule 26(a)(2) because the disclosure is not a "complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2). Specifically, the report does not adequately reference opinions one, two, three, four, and six. Moreover, this deficiency cannot be said to have been cured through the elicitation of deposition testimony.

### B.    Plaintiff's Failure to Provide a Timely and Complete Expert Report Is Not Substantially Justified or Harmless.

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply

evidence . . . at trial, unless the failure was substantially justified or is harmless." The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Considering the first *Woodworker's* factor, the Court finds that Defendant is prejudiced by Dr. McAfee's deficient expert report. Expert disclosures are intended not only to identify the expert witness, but also "to set forth the substance of the direct examination." Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note. This disclosure is necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* "Thus, to avoid prejudice [Plaintiff] need[s] to know the substance of the expert's testimony." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). After reviewing Dr. McAfee's report compared to his deposition, "it appears likely the expert's testimony at trial will contain substantially more information than was presented in the expert reports. . . . [Thus, the Court] cannot agree [Plaintiff] would not be prejudiced." *Id.* Stated another way, Defendant is clearly prejudiced due to the fact that the expansion and revision of Dr. McAfee's opinion was not available to Defendant's experts while they were preparing their own reports and, consequently, they were not able to sufficiently rebut those opinions when their reports were submitted.

As for the second and third *Woodworker's* factors, the Court recognizes that a final pretrial conference and trial date have not yet been set. While "[t]he absence of a fixed trial date affords a greater ability to cure any prejudice to the parties and minimizes the

possibility of future disruption of the District Court's docket," I find that the prejudice to Defendant cannot be cured so readily here. *Hertz v. Luzenac Am., Inc.*, No. 04-cv-01961-LTB-CBS, 2006 WL 994431, at *21 (D. Colo. Apr. 13, 2006) (unreported decision). Specifically, given the close of discovery, this case should be proceeding toward trial. Instead, due to that fact that Defendant has already submitted rebuttal expert disclosures on the basis of Dr. McAfee's deficient expert report and that depositions have been held, discovery would need to be reopened to address Plaintiffs' failure to comply with their disclosure requirements.

To the extent that Plaintiffs contend that mere supplementation of Dr. McAfee's report would cure the prejudice, the Court notes that "[a] plain reading of Fed. R. Civ. P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective information that was not available at the time of the expert's original report." *SEC. v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4587240, at *3 (D. Colo. Oct. 15, 2008) (unreported decision) (citing *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (stating that Rule 26(e)(1) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report")).[2] Moreover, "a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook*, 580 F. Supp. 2d at 1170. "To rule otherwise would create a

---

[2] To the extent that Plaintiffs vaguely contend that Dr. McAfee was not "aware" of certain information at the time he drafted his report, Plaintiffs do not contend that such information was *unavailable* to him to justify supplementation.

system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Id.* (citing *Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003). "This result would be the antitheses of the full expert disclosure requirements stated in Rule 26(a)." *Id.*

Here, if the Court allowed Plaintiffs to supplement Dr. McAfee's original expert report with the five opinions at issue, the supplemental report would contain new and additional opinions not disclosed in his initial expert disclosure. As noted above, "[a]llowing the use of new materials even to support existing opinions could trigger an endless wave of supplemental reports and the need for additional depositions. . . . It is this type of supplementation that Rule 37 is designed to prevent." *Hayes v. Smithkline Beecham Corp.*, No. 07-cv-682-CVE-TLW, 2009 WL 3415210, at *2 (N.D. Okla. Oct. 22, 2009) (unreported decision) (citing *Cook*, 580 F. Supp. 2d at 1170). Moreover, inappropriately using a deposition to disclose opinions that should have been disclosed earlier does not cure a deficient expert report. *See Fiber Optic Designs*, 262 F.R.D. at 595. Given that Plaintiffs' expert disclosure violations essentially require expert discovery to start anew as it relates to Dr. McAfee's opinions and any rebuttal opinions, including the provision of new reports and the reopening of depositions, I find that the prejudice to Defendant cannot be readily cured.

Turning to the fourth *Woodworker's* factor, there is no clear evidence on this record that Plaintiffs' conduct was willful or committed in bad faith. However, given the multiple issues presented in this case to date regarding Plaintiffs' failure to comply with basic expert discovery rules, Plaintiffs' latest failure is not well taken. Nevertheless, while Plaintiffs'

conduct can be characterized as sloppy, sloppiness does not necessarily equate to bad faith.  *See United States v. Lain*, 640 F.3d 1134, 1139 (10th Cir. 2011) ("Sloppy work alone does not support a claim of . . . bad faith . . . .").  Regardless, "the lack of bad faith alone may not be enough to overcome the other elements of the *Woodworker's* test.  Plaintiff[s] should not be permitted to ignore [their] disclosure obligations and then avoid sanctions simply by claiming [their] deficiencies were not willful." *Fresquez v. Baldwin*, No. 08-cv-01233-CMA-CBS, 2010 WL 5934891, at *17 (D. Colo. Dec. 15, 2010) (unreported decision) (citing *Jacobsen*, 287 F.3d at 955).

Upon consideration of the *Woodworker's* factors, I find that the prejudice to Defendant and the unwieldiness and unnecessary expense of curing such prejudice weigh in favor of finding that Plaintiffs' violation of Rule 26(a)(2) is not substantially justified or harmless.  *See Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (noting that noncompliance is not harmless when prejudice which cannot be readily cured is present). Accordingly, Dr. McAfee may testify only as to those opinions found in his November 2010 expert report.  Specifically, this decision means that Dr. McAfee may not testify about opinions one, two (to the extent that opinion two goes beyond opining on Mr. Scholl's candidacy for a TLIF procedure), three, four, and six (to the extent that opinion six goes beyond the necessity of conducting a CT scan) as described in this Order.  *See supra* pp. 2-5.

### III. Conclusion

IT IS HEREBY **ORDERED** that Defendant's Motion to Strike and for Protective Order [#77] is **GRANTED in part and DENIED in part**.  It is granted as to the exclusion of

opinions one, two, three, four, and six as set forth above.  It is denied in all other respects. Due to the close of discovery and the expiration of the dispositive motions deadline with no motions being filed,

IT IS FURTHER **ORDERED** that a Final Pretrial Conference is set for **October 26, 2011 at 9:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **October 19, 2011**.  The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov.*

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.**

Dated:  August 22, 2011

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge