IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02959-PAB-KLM

TODD E. SCHOLL, AND
CARLA SCHOLL,

    Plaintiffs,

v.

DHRUV B. PATEDER, M.D.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' oral Motion to compel the production of certain documents from Defendant's expert witness, Jeffrey C. Wang, M.D.  In compliance with the Court's procedures for resolving discovery disputes, the parties contacted the Court to set a hearing to address the issue.  The Court conducted a hearing on June 21, 2011 [Docket No. 70].  The Court directed the parties to submit briefing regarding the dispute.  The parties have now done so [Docket Nos. 79 & 81].  Having considered the parties' arguments and supporting documents,

IT IS HEREBY **ORDERED** that Plaintiffs' oral Motion is **DENIED**.  The Court's ruling is explained below.

This is a medical malpractice action arising from a surgical procedure performed by Defendant on Plaintiff Todd E. Scholl (hereinafter, "Mr. Scholl") in December of 2009. *Scheduling Order* [Docket No. 15] at 2.  Plaintiffs served a deposition notice on Defendant's expert witness, Dr. Wang.  Dr. Wang is a spine surgeon who teaches at UCLA.  According

to publicly available information provided by Plaintiffs' attorney, Dr. Wang failed to disclose payments he received from medical companies while he was researching their products' use in patients [Docket Nos. 79-2, 79-3 & 79-4]. One of these products was a bone-growth drug used during Mr. Scholl's surgery. Dr. Wang has opined that use of the product by Defendant was within the standard of care. *See Plaintiffs' Brief* [#79] at 3. Plaintiffs contend that Dr. Wang has been implicated in a federal kickback investigation involving allegedly illegal payments from drug manufacturers to doctors and that his credibility is in doubt. *Id.*

Plaintiffs' deposition notice included a request that Dr. Wang produce copies of his disclosure forms to UCLA from 2005 forward, copies of UCLA's documents regarding an investigation into Dr. Wang, and copies of documents regarding Dr. Wang's removal as co-director of UCLA's Comprehensive Spine Center [Docket No. 79-1]. Plaintiffs seek an order compelling Dr. Wang to produce the documents.

Defendant first argues that the Motion is premature because Dr. Wang is not a party to the litigation and no subpoena duces tecum has been served. *Defendant's Brief* [#81] at 2. Defendant is correct. Fed. R. Civ. P. 30(b)(2) allows a request for production of documents to be served with a deposition notice only regarding depositions of party opponents. Otherwise, service of a subpoena duces tecum is required pursuant to Fed. R. Civ. P. 45. The Motion is subject to denial on this basis alone. Nevertheless, because this is a technical defect that can be remedied and giving credit to Plaintiffs' contention that the parties agreed to exchange documents related to their experts without a subpoena, see *Plaintiffs' Brief* [#79] at 1, the Court addresses Defendant's substantive objections as well.

Defendant claims that the requested information is not relevant. *Defendant's Brief*

2

[#81] at 2-3.  The Court disagrees.  Generally, the test for allowing discovery of information or documents is whether the information "is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases.  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas*, 232 F.R.D. at 382 ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)).  Here, Dr. Wang's credibility and objectivity as an expert witness are relevant.  *See, e.g.*, *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 679, 682 (D. Colo. 1991).  I agree with Plaintiffs that the documents they seek from Dr. Wang tend to make it more probable that his objectivity may be compromised.  *See* Fed. R. Evid. 401, 702.  Accordingly, the documents are relevant.

Defendant also claims that the requested information is cumulative, in light of other information (e.g., the articles) already in Plaintiffs' possession that essentially contain the same information.  *See Defendant's Brief* [#81] at 4.  Although Defendant is correct, the cumulative effect is weighed against the burden of producing the documents.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).  Here that burden is not so heavy as to justify relieving Defendant from producing them.  *See, e.g.*, 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2174, at 306-09 (2d ed. 1994).

Finally, Defendant contends that the documents are confidential and invokes Dr. Wang's right to privacy to "personal financial information" and his employment files.  *Defendant's Brief* [#81] at 3.  Defendant cites to the four-factor test recently set forth by the

Colorado Supreme Court in *In re Dist. Ct., City & County of Denver*, ___ P.3d ___, 2011 WL 2529464, at *3 (Colo. June 27, 2011) (publication forthcoming).  Ordinarily, discovery in federal court is governed by the Federal Rules of Civil Procedure, regardless of whether federal jurisdiction is based on federal question or diversity of citizenship.  *See Everitt v. Brezzel*, 750 F. Supp. 1063, 1065-66 (D. Colo. 1990).  Applicable federal precedent directs the Court to weigh the need to protect privileged material against the need for disclosure.  *See, e.g., Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340 (1979); Fed. R. Civ. P. 26(b), (c).  While ordinary privacy interests do not necessarily fall within the definition of privileged material, if a state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity.  *Gottlieb v. Wiles*, 143 F.R.D. 235, 237 (D. Colo. 1992).

      Here, Defendant contends that in order to be compelled to produce confidential information, Colorado law requires that the following four-factor test be considered:  (1) whether the information is relevant; (2) whether there is a reasonable expectation of privacy; (3) if so, whether there is a compelling need for the information; and (4) if so, whether the information can be derived from other less-intrusive sources.  *See In re Dist. Ct.*, 2011 WL 2529464, at *3; *see also Corbetta v. Albertson's Inc.*, 975 P.2d 718, 720-21 (Colo. 1999) (citing *Martinelli v. Denver Dist. Ct.*, 612 P.2d 1083 (Colo. 1980) (discussing a substantially similar three-part test related to discovery of confidential materials).

      Applying the test set forth above, although Plaintiffs have shown that the information is relevant, Dr. Wang has shown that he has a legitimate expectation of privacy in the documents.  Moreover, Plaintiffs have failed to show that there is a compelling need for the documents.  Virtually all of the credibility issues that Plaintiffs intend to pursue regarding

Dr. Wang (e.g., that he took money from drug manufacturers, that he failed to disclose this to UCLA, and that he was disciplined by UCLA for it) are addressed in the articles already in Plaintiffs' possession and about which Dr. Wang has been deposed.  In fact, Dr. Wang has admitted all of the above facts.  *See Defendant's Brief* [#81] at 4.  *But see id.* at 2 (objecting to Plaintiffs' unsubstantiated allegation that Dr. Wang is the subject of an illegal kickback investigation).  Hence, there is no compelling need for production of the documents, and Dr. Wang's privacy interest prevails.[1]  Accordingly, Plaintiffs' oral Motion to compel the production of Dr. Wang's confidential documents is **denied**.

Dated:  August 23, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[1] Because there is no compelling need for the discovery, the Court need not consider the fourth factor, namely whether the information may be obtained from less-intrusive sources.