IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02959-PAB-KLM

TODD E. SCHOLL, and
CARLA SCHOLL,

    Plaintiffs,

v.

DHRUV B. PATEDER, M.D.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Strike and for Protective Order with Respect to Supplemental Opinion by Dr. Patricia Pacey** [Docket No. 101; Filed April 27, 2012] (the "Motion"). Plaintiffs filed a Response in opposition to the Motion on May 17, 2012 [#103], and Defendant filed on a Reply on May 23, 2012 [#104]. Accordingly, the matter is fully briefed and ripe for resolution. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

**I. Procedural Background**

This is a medical malpractice action arising from a surgical procedure performed by Defendant on Plaintiff Todd E. Scholl (hereinafter, "Mr. Scholl") in December of 2009. *Sched. Ord.*, [#15] at 2. The Court entered a Final Pretrial Order on October 26, 2011 [#99], and trial is scheduled to commence on October 1, 2012 [#100]. In the instant Motion, Defendant seeks an order excluding from consideration the supplemental expert report of

Plaintiffs' economic expert, Dr. Patricia Pacey, which was served on March 19, 2012, the day before the parties' scheduled mediation on March 20, 2012. [#101] at 2. Defendant contends that the supplemental report is untimely. *Id.* at 8. Further, Defendant argues that the supplemental report demonstrates that the initial report was incomplete, because the supplemental report indicates that Dr. Pacey reviewed additional documentation that had been available to her at the time she authored the initial report, but which was not included in the initial report. *Id.* at 8, 11. Defendant avers that he will suffer prejudice if Plaintiffs are permitted to present testimony regarding the content of the supplemental report, and asks the Court to enter a protective order "prohibiting Plaintiffs from eliciting testimony outside Plaintiffs' initial expert disclosure." *Id.* at 12.

In their Response, Plaintiffs represent that the purpose of Dr. Pacey's supplemental report was to adjust the calculations stated in the initial expert report to reflect the business losses experienced by Mr. Scholl in 2011. *See* [#103]. Plaintiffs explain that Dr. Pacey relied on Mr. Scholl's 2011 business tax records as the basis for the adjustments, and that the other documents listed on the supplemental report were utilized as comparison sources to ensure that the tax records were correct. *Id.* at 6. Plaintiffs attest that Defendant received copies of Mr. Scholl's 2011 business tax records on March 1, 2012, and again on May 8, 2012. *Id.* at 4. Dr. Pacey sent her supplemental report to Plaintiffs on March 19, 2012, and Plaintiffs forwarded the report to Defendant on the same date. *Id.* at 5. Plaintiffs aver that Defendant declined to depose Dr. Pacey during the discovery period, declined to meet with her regarding the supplemental report, and declined to designate a rebuttal expert witness, thus Defendant's claim of prejudice is simply "gamesmanship." *Id.* at 4-5, 7.

In Reply, Defendant reiterates his position that allowing Plaintiffs to present testimony based on the supplemental report is prejudicial. *See* [#104]. Defendant expresses doubt regarding the veracity of Plaintiffs' counsel's statements (albeit without any evidentiary support or factual development), and attests that he is unable to verify counsel's representations for himself, as discovery is closed. *Id.* at 5. Defendant claims that Dr. Pacey is impermissibly strengthening her initial report with the supplemental report, and Plaintiff should not "be forced to bear the burden of curing the deficient initial report or Supplemental Report." *Id.* at 8.

## II.  Analysis

Pursuant to Fed. R. Civ. P. 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present . . . [expert testimony, and the disclosure must] be accompanied by a written report . . . prepared and signed by the witness[,] . . . contain[ing] a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2). Supplemental disclosures may be required if the disclosing party "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Pursuant to Rule 26(e)(2), expert disclosures must be "detailed and complete," and

not "sketchy and vague." *See Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) (citations omitted) (collecting cases); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997) ("The report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions.  It must explain factually why and how the witness has reached them").  An expert report must be "comprehensive" and a "definitive disclosure of the testimony . . . of the expert." *Smith v. Miller*, No. 11-cv-00613-REB-KLM, 2011 WL 6020578, at *2 (D. Colo. Dec. 5, 2011) (citing *Dixie Steel Erectors, Inc. v. Grove U.S., LLC*, No. CIV-04-390-F, 2005 WL 3558663, at *9 (W.D. Okla. Dec. 29, 2005) (unreported decision)).  However, an expert report need not necessarily contain "sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report," in order to be found to be complete.  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006).

As stated, supplementation of a Rule 26(a) disclosure must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e).  "A plain reading of Fed. R. Civ. P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective information that was not available at the time of the expert's original report."  *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4587240, at *3 (D. Colo. Oct. 15, 2008) (unreported decision) (citing *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (stating that Rule 26(e)(1) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report")). Moreover, "a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds

the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook*, 580 F. Supp. 2d at 1170.

Here, inspection of Dr. Pacey's supplemental report demonstrates to the Court that the review of Mr. Scholl's 2011 business tax records and inclusion of the information stated therein was not only reasonable, but also required by Rule 26(e)(2). *See, e.g.*, *Pease v. Lycoming Engines*, No. 4:10-cv-00843, 2012 WL 162551, at *8 (M.D. Pa. Jan. 19, 2012) (finding an obligation to supplement initial disclosures with tax returns demonstrating "lost earning capacity"); *In re EBW Laser, Inc.*, Bankr. No. 05-10220C-7G, 2010 WL 2382940, at *7 (M.D.N.C. June 14, 2010) (finding diligence when counsel acted promptly by obtaining tax returns, providing returns to expert witnesses, and providing supplemental reports and tax returns to opposing counsel within six months); *Harris Wayside Furniture Co. v. Idearc Media Corp.*, No. 06-cv-392-JM, 2008 WL 7109357, at *4 (D.N.H. Dec. 22, 2008) (accepting tax returns as basis for supplemental expert report regarding decrease in sales). Defendant is correct that the figures stated in the supplemental report differ from those stated in the initial report, but the Court is not alarmed by the discrepancy, in consideration of the assertion that Mr. Scholl experienced business losses in 2011. The difference in calculation indicates that the initial report was incomplete due to the change in the market for Mr. Scholl's business through the duration of this lawsuit. The incompleteness of the initial report under these circumstances is precisely what Rule 26(e) is intended to correct; the corresponding need for an adjustment to the calculations in the initial report arising from the change in the market is properly achieved by supplementation pursuant to Rule 26(e), particularly because the 2011 tax information was not available at the time of the initial report, which is dated November 30, 2010. *See* [#101-1].

Regarding the timing of the supplementation, a party is under the ongoing duty to supplement a Rule 26(a)(2) expert report with "[a]ny additions or changes . . . by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Pursuant to D.C. Colo. LCivR 26.1B., "[t]he tendering of a proposed final pretrial order . . . shall satisfy the requirement of Fed. R. Civ. P. 26(a)(3) that pretrial disclosures be filed with the court." Thus, in this case, any supplementation was due on or before October 21, 2011. *See* [#97]. Therefore, Dr. Pacey's supplemental report is untimely, regardless of the diligence exercised by Plaintiffs' counsel in obtaining the tax records, providing the tax records to Dr. Pacey, obtaining Dr. Pacey's supplemental report, and providing the supplemental report to Defendant, all of which appears to have occurred in March 2012. *See* [#103] at 4.

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Tenth Circuit considers four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Considering the *Woodworker* factors, the Court finds that the technical untimeliness of the supplemental report is harmless. Defendant had notice of the tax records and the possibility that Dr. Pacey could supplement her opinion, *see* [#103-5] (letter dated March 12, 2012), and trial is not scheduled to commence until October 1, 2012, *see* [#100].

Further, considering the diligence of Plaintiffs' counsel in facilitating the supplemental report, the Court finds that Plaintiffs did not act in bad faith or with willful disregard for the case management schedule. Nevertheless, even though the untimely disclosure is harmless, the Court will permit a second bite at the apple for Defendant, as any potential prejudice may be cured by a limited deposition of Dr. Pacey.[1] The Court will afford Defendant another opportunity to conduct a deposition of Dr. Pacey, for no more than three hours, to be completed on or before July 20, 2012.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that **Defendant's Motion to Strike and for Protective Order with Respect to Supplemental Opinion by Dr. Patricia Pacey** [#101] is **DENIED**.

IT IS FURTHER **ORDERED** that, at his own expense, Defendant may conduct a deposition of Dr. Pacey for no more than three hours on or before **July 20, 2012**, regarding her initial and supplemental expert reports.

Dated: June 20, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] It is uncontested that Defendant had the opportunity to depose Dr. Pacey during the discovery period, but declined to do so. See [#103] at 4, ¶ 3.